Darnley D. Stewart
GISKAN SOLOTAROFF ANDERSON & STEWART LLP
11 Broadway, Suite 2150
New York, New York 10004
(212) 847-8315
dstewart@gsawlny.com
*Attorneys for Plaintiff*

CV 12-3928

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | | |
|---|---|---|
| KATHRYN M. CALZONETTI, | : | Case No. |
| | : | |
| Plaintiff, | : | Complaint |
| | : | ECF Case |
| v. | : | |
| | : | |
| NORTH SHORE SCHOOL DISTRICT, | : | **Jury Trial Demanded** |
| | : | |
| Defendant. | : | |

------------------------------------------------------------------x

Plaintiff Kathryn M. Calzonetti ("Ms. Calzonetti" or "plaintiff"), by her counsel, Giskan

Solotaroff Anderson & Stewart LLP, hereby complains as follows:

## NATURE OF CLAIMS

1.      This is an age discrimination case brought pursuant to the Age Discrimination in

Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA").

2.      Between 2001 and May 2010, plaintiff Kathryn M. Calzonetti, who is 63 years

old, worked for defendant North Shore School District ("North Shore" or the "District") as a

Teacher Aide substitute and a one-on-one Teacher Aide at the Sea Cliff Elementary School in

Sea Cliff, New York.  Ms. Calzonetti excelled at her job, receiving outstanding performance

evaluations every year – while certain of her fellow aides were not reviewed as favorably.

1

3.      Ms. Calzonetti's job performance, however, was not the only factor that set her apart from the rest of the teaching staff at Sea Cliff: Ms. Calzonetti was the second oldest of the school staff.

4.      Despite Ms. Calzonetti's exceptional performance and credentials, she was twice passed over for promotion for the 2009 and 2010 school years. In both cases, a younger colleague was promoted even though both of those individuals had lesser educational credentials and less experience than Ms. Calzonetti.

5.      In May 2010, Ms. Calzonetti was terminated. The reason given for her termination was that she was no longer needed because the child she had been working with was graduating. That reason was pretextual, however. In fact, younger colleagues in the same position who also worked one-on-one with special needs students were not terminated. Subsequently, a younger colleague who was laid off at the same time as Ms. Calzonetti, and who had only been a substitute employee for approximately four months, was soon rehired. Ms. Calzonetti was not.

6.      On February 28, 2012, after investigating Ms. Calzonetti's charge of discrimination, the Equal Employment Opportunity Commission determined that there was reasonable cause to believe that the District had discriminated against Ms. Calzonetti based on her age.

### JURISDICTION AND VENUE

7.      This Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §1331, and over her pendent Executive Law claim pursuant to 28 U.S.C. § 1367.

8.      Ms. Calzonetti timely filed a charge of age discrimination with EEOC") on January 4, 2011, and received a Determination of probable cause on or about February 28, 2012.

2

After conciliation was unsuccessful the EEOC issued a right-to-sue letter dated May 10, 2012, which Ms. Calzonetti received on May 15, 2012.  Accordingly, she has complied with the procedural requirements under the ADEA.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2), in that defendant may be found in this District and a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## PARTIES

10.      Plaintiff Kathryn Calzonetti is a 63 year-old citizen of the State of New York and resides in Sea Cliff, NY.  Ms. Calzonetti was a Teacher Aide and Teacher Substitute at Sea Cliff Elementary School in North Shore Central School District for eight years, from 2001 until 2010.

11.      Defendant North Shore School District is a school district based on Long Island, NewYork.  The District is comprised of five public schools and touts itself as "one of the strongest public school systems in the Nation."  The District's offices are located at 112 Franklin Avenue, Sea Cliff, New York 11579.

## FACTUAL ALLEGATIONS

12.      Plaintiff Kathryn Calzonetti was a dedicated teacher, serving students with special needs for the majority of her career.  She received a Bachelor of Science in Elementary Educational from St. John's University in 1968 and also earned credits toward a Master's degree in Education from Queens College and Adelphi University.  Ms. Calzonetti first became a certified teacher in 1970 and was recertified in 2003 after raising her children.  Shas worked in diverse settings, including two years of experience working in an after-school program for autistic children.

3

13.     Ms. Calzonetti entered her position at North Shore in 2001 as a one-on-one

Teacher's Aide, where she worked for eight years, seven consecutively, from 2001 until her

termination in May 2010.  Between 2002 and 2003, Ms. Calzonetti worked as a substitute

teacher.

14.     Ms. Calzonetti was highly regarded in her field and was exceptionally well-

qualified.  During her eight-year tenure at North Shore, she was never once disciplined in any

manner and she always received impeccable performance evaluations.  Notably, Ms. Calzonetti's

May 2010 performance review – immediately before her termination -- was equally outstanding.

Ms. Calzonetti also enjoyed many wonderful relationships with parents and faculty.  At the time

of her termination, Ms. Calzonetti's performance evaluations were among the highest in the

school.

15.     Ms. Calzonetti was the second oldest member on the school staff.

16.     Despite her exceptional credentials and evaluations, Ms. Calzonetti was denied a

promotion to Teacher Assistant twice for the 2009 and 2010 school years.  After the first year

Ms. Calzonetti had been denied the promotion, she met with the Director of Special Education,

Thomas Korb, to discuss the reasoning behind the decision.  Plaintiff suspected that her age was

the reason behind the denial, specifically because during the interview for the promotion, she

cited being "older" as a positive attribute that allowed her to advocate strongly for the children

with whom she worked.  When Ms. Calzonetti pointedly asked Mr. Korb whether her age

dictated the decision, he did not deny it.  She was denied the promotion again the following year.

A younger colleague, Margery Anderson, was promoted instead even though Ms. Anderson had

fewer educational qualifications and less experience than plaintiff .

17.     At the end of May 2010, Ms. Calzonetti was informed by the principal, Adam

4

Frankel that she was being terminated because the child with whom she had been working was graduating.

18. Several other younger Teacher Aides in identical positions who also worked one-on-one with students were not terminated. This prompted Ms. Calzonetti to email Mr. Frankel twice to determine why she had been selected for termination over the other Teacher Aides.

19. After she had not received a response for two weeks, she met with the District's Superintendant, who told her that Mr. Frankel would meet with her the following day.

20. When she met with Mr. Frankel the following day in his office, she did not feel comfortable. Mr. Frankel repeatedly told her, "You are not a team player" and refused to look at her letters of reference from teachers with whom she had worked over the years. He further accused her of failing to inform him when the student with whom she worked was absent so that he could assign her other duties. Ms. Calzonetti vehemently denied this accusation and requested that they inquire of his secretary, Mrs. Capobianco, who had first-hand knowledge. whether Ms. Calzonetti had failed to do so. Mrs. Capobianco confirmed that Ms. Calzonetti had indeed informed Mr. Frankel when her student was absent in front of Ms. Calzonetti, Mr. Frankel, and one other secretary in the office.

21. Ms. Calzonetti then contacted Dr. Ed Melnick, the school's superintendent, via email to request that he examine the cause behind her termination and that he speak with her previous supervisors. Dr. Melnick spoke only with Mr. Frankel and did not contact any other of Ms. Calzonetti's supervisors. He informed Ms. Calzonetti that the Teacher Aides had been ranked on various criteria in preparation for the layoffs. Ms. Calzonetti doubted the objectivity of the ranking, since her performance evaluations had always been outstanding while other teachers' had not.

5

22. In August of 2010, a position for a Rotating Teacher Aide became available at Sea Cliff Elementary School, where Ms. Calzonetti had been working. Mr. Frankel requested that Melissa Daly, who had been laid off at the same time as Ms., Calzonetti, fill the position. Ms. Daly, a Teacher's Aide in her late thirties, had only served as a Teacher's Aide for four months when she was laid off at the same time as plaintiff. Additionally, Ms. Daly received "developing" in seven criteria on her performance evaluations, while Ms. Calzonetti's evaluations were perfect. Nonetheless, Ms. Daly was chosen over Ms. Calzonetti to return to Sea Cliff.

### FIRST CAUSE OF ACTION

### Age Discrimination in Violation of the ADEA

23. Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

24. North Shore was at all relevant times herein plaintiff's employer, as that term is defined under the ADEA, 29 U.S.C. § 630.

25. Defendant, through its agents and representatives, classified and/or stereotyped plaintiff because of her age in a manner to affect adversely plaintiff's status as an employee, and otherwise to deny plaintiff equal opportunities for employment in violation of the ADEA, including terminating plaintiff because of her age, and failing to re-hire her because of her age.

26. Defendant's conduct was willful.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter an award:

    a.  Declaring the acts and practices complained of herein are in violation of the ADEA;

    b.  Enjoining and permanently restraining these violations of the ADEA;

6

c. Directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

d. Directing defendant to place plaintiff in the position she would be in but for defendant's discriminatory treatment of her, and to make her whole for all earnings she would have received but for defendant's discriminatory treatment, including but not limited to, wages and other lost benefits;

e. Directing defendant to reinstate plaintiff;

f. Directing defendant to pay plaintiff liquidated damages for defendant's willful violation of the ADEA;

g. Directing defendant to pay an additional amount to compensate plaintiff for the emotional distress defendant's unlawful conduct has caused her;

h. Awarding plaintiff such interest as is allowed by law;

i. Awarding plaintiff her reasonable attorneys fees and costs; and

j. Granting such other and further relief as the Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in this action.

7

Dated: New York, New York
       August 7, 2012

                              GISKAN SOLOTAROFF
                              ANDERSON & STEWART LLP

                              By: _____
                                   Darnley D. Stewart
                                   11 Broadway, Suite 2150
                                   New York, New York 10004
                                   (212) 500-5106

                              Attorneys for Plaintiff Kathryn M. Calzonetti

8